**LEARNING CONNECTIONS, INC.,
Syed Hasnain, Plaintiffs,**

v.

**KAUFMAN, ENGLETT & LYND, PLLC
f/k/a Kaufman, Englett & Lynd, LLC,
Jeffrey S. Kaufman, Defendants.**

No. 6:11–cv–368–Orl–19GJK.

United States District Court,
M.D. Florida,
Orlando Division.

June 11, 2012.

Geoffrey D. Ittleman, The Law Offices of Geoffrey D. Ittleman, PA, Ft. Lauderdale, FL, for Plaintiffs.

Jeffrey S. Kaufman, Jr., The Law Office of Kaufman, Englett & Lynd, PLLC, Matthew Daren Valdes, Law Office of Walter F. Benenati, Richard Wesley Withers, Curtis A. Wilson, Kaufman, Englett & Lynd, PLLC, Orlando, FL, for Defendants.

Alan M. Grunspan, Aaron S. Weiss of Carlton Fields, P.A., Miami, FL, for Leslie Jones.

### ORDER

GREGORY J. KELLY, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motion filed herein:

---

MOTION: NON–PARTY LESLIE JONES'S MOTION FOR AWARD OF EXPENSES PURSUANT TO FED. R. CIV. P. 37 (Doc. No. 85)

**FILED:** February 23, 2012

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiffs served non-party, Leslie Jones ("Jones"), a workout officer in the Special Assets Group of Fifth Third Bank, N.A. in Florence, Kentucky, with a subpoena issued by this Court directing Jones to appear and testify before this Court at trial on February 27, 2012. Doc. No. 79–1. The subpoena requested that Jones produce:

Any and all documents in your care, custody or control regarding the fact that [Plaintiffs] issued payments in furtherance of the promissory note issued by Fifth Third Bank, N.A. to The Learning Connections, Inc. but that such payments were not applied by Fifth Third Bank, N.A. to The Learning Connections, Inc. account pending Fifth Third Bank's full review of the documentation it requested as evidenced by the letter dated May 7, 2009 from Leslie Jones to The Learning Connections, Inc.

Doc. No. 79–1.

On February 21, 2012, Jones filed a Motion to Quash Subpoena, or in the Alternative, Motion for Protective Order requesting that the Court quash or issue a protective order regarding the subpoena for the following reasons: 1) the subpoena impermissibly requests that Jones travel more than 100 miles from where she resides (citing Fed.R.Civ.P. 45(c)(3)(A)(ii)); 2) the subpoena was issued by the wrong Court (citing Fed.R.Civ.P. 45(a)(2)(C)); and 3) the subpoena imposes an undue burden on Jones. Doc. No. 77 at 1–4. Jones attached an affidavit to the Motion, stating:

I do not have possession, custody, or control over any documents related to Fifth Third Bank's loan to The Learning Center Connections, Inc., including the documents sought by Plaintiffs' subpoena, which was served on me personally. The records belong to my employer Fifth Third Bank.

Doc. No. 77–1. Thus, Jones also stated that she did not have possession, custody, or control over the documents sought by the subpoena and the records belong to Fifth Third Bank, N.A. *Id.* On February 22, 2012, Plaintiffs filed a response stating:

In preparation for trial, Plaintiffs issued a subpoena to Leslie Jones, the author of the correspondence. . . . In considering the position of Fifth Third Bank's counsel, [Plaintiffs] *counsel has agreed to limit the scope of the subpoena to a records custodian at trial* with any documents pertaining to the circumstances surrounding the correspondence previously identified. . . . Fifth Third Bank continues to object to producing anyone at trial, whether it is Leslie Jones or, simply a records custodian.

Doc. No. 80 at 2 (emphasis added).

On February 23, 2012, the Court entered an order granting motion for a protective order. Doc. No. 82. The Court found:

The subpoena at issue was served upon Jones in her individual capacity. Doc. No. 79–1. Jones' affidavit states that she does not have possession, custody, or control over the documents requested in the subpoena. Doc. No. 77–1 at 1. In their response, Plaintiffs do not refute Jones' contention that she does not have possession, custody, or control of the documents requested, but suggests that Fifth Third Bank, N.A. should be required to produce a records custodian at the trial. Doc. No. 80 at 2. Fifth Third Bank, N.A. has not been served with a subpoena and has not made an appearance in this case.

Doc. No. 82 at 3. Thus, the Court granted Jones' request for a protective order because she did not have possession, custody, or control of the documents in her individual capacity and because Fifth Third Bank, N.A., was not a party to the subpoena and had not made an appearance in this case. Doc. No. 82 at 3.

On February 23, 2012, pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure, Jones filed a motion for an award of expenses incurred in filing the motion for protective order (the "Motion"). Doc. No. 85. Once the issue of entitlement is resolved, Jones states that she will file a motion to

quantify expenses. *Id.* On March 6, 2012, Plaintiffs filed a response arguing that the Motion should be denied because it was substantially justified in subpoenaing Jones and seeking documents from Fifth Third Bank, N.A. Doc. No. 99 at 1–6. Plaintiffs also suggest that Jones's counsel failed to confer in a good faith effort to resolve the matter after filing the underlying motion. *Id.*

Rule 37(a)(5)(A), Federal Rules of Civil Procedure, provides that where a motion to compel or for protective order is granted the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *Id.* However, if the Court finds that movant filed the motion before conducting a good faith conference or if the opposing party's conduct was substantially justified, then the Court shall not award attorneys' fees under Rule 37. Fed.R.Civ.P. 37(a)(5)(A)(i)–(ii). In this case, Plaintiffs have not demonstrated how their conduct in seeking information from Fifth Third Bank, N.A. by subpoenaing Jones in her individual capacity is substantially justified. Accordingly, the Motion (Doc. No. 85) is **GRANTED.**

**After complying with Local Rule 3.01(g), Jones may file a motion to quantify expenses within fourteen (14) days from the date of this order.**